**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HANK EDWARD HARRINGTON, <br><br> Defendant. | No. CR09-4060-MWB <br><br> **ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On December 16, 2009, a Superseding Indictment was returned against defendant Hank Edward Harrington charging him with conspiracy to manufacture and distribute 50 grams or more of pure methamphetamine within 1000 feet of a public playground, distribute pseudoephedrine knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, possess pseudoephedrine with intent to manufacture methamphetamine, and manufacturing or distributing methamphetamine on premises in which a minor is present or resides, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(c)(1), 841(c)(2), 846, 860(a), and 860a, manufacturing and attempted manufacture of 50 grams or more of methamphetamine and 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, manufacturing or distributing methamphetamine on premises in which a minor is present or resides, in violation of 21 U.S.C. § 860a, and possession of firearms by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On January 19, 2010, defendant Harrington filed a Motion to Suppress in which he seeks to suppress evidence seized

during the search of his vehicle on the grounds that law enforcement officers lacked probable cause to stop his vehicle. The prosecution filed a timely resistance to defendant Harrington's motion.

Defendant Harrington's Motion to Suppress was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing on February 4, 2010, and then filed a Report and Recommendation on February 17, 2010, in which he recommends that defendant Harrington's Motion to Suppress be denied. Judge Zoss concluded that law enforcement officers did not stop defendant Harrington's vehicle and that Harrington was not detained by any action of law enforcement officers. Rather, the encounter between defendant Harrington and the law enforcement officers was voluntary and noncustodial. Neither the prosecution nor defendant Harrington have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

2

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed Judge Zoss's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Zoss's

3

Report and Recommendation and orders that defendant Harrington's Motion to Suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 15th day of March, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA